THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: MONITRONICS
INTERNATIONAL, INC. TELEPHONE
CONSUMER PROTECTION ACT                    MDL NO. 2493
LITIGATION

**OPPOSITION BRIEF OF UTC FIRE AND SECURITY AMERICAS CORPORATION INC. TO MOTION OF DEFENDANT MONITRONICS INTERNATIONAL, INC. FOR TRANSFER OF ACTIONS TO THE WESTERN DISTRICT OF WASHINGTON PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

## I.   INTRODUCTION AND SUMMARY

Defendant UTC Fire and Security Americas Corporation, Inc. ("UTCFS")[1] respectfully submits this response in opposition to Defendant Monitronics International, Inc.'s ("Monitronics") Motion for Transfer of Actions to the Western District of Washington. Monitronics' motion should be denied because the actions it seeks to transfer do not meet the requirements of 28 U.S.C. § 1407, governing transfer of actions for multi-district litigation. First, transfer will not promote the just and efficient conduct of the actions, as they are in materially different stages of litigation, and do not propose common classes. Second, transfer will not further the convenience of parties and witnesses because there are a small number of cases at issue and they involve different parties. To the contrary, consolidation of these matters would create inconvenience and considerable confusion given the fundamental differences between the cases. Third, there is not sufficient commonality of fact among the cases. Indeed, these five cases raise different claims under the TCPA and require different factual inquiries.

---

[1] UTCFS is a defendant in *Mey v. v. Monitronics International, Inc., et al.*, No. 5:11-cv-0090 (N.D. W. Va.), the only action in which UTCFS is a party.

**ARGUMENT**

A. **CENTRALIZATION CANNOT PROMOTE JUST AND EFFICIENT CONDUCT OF THE ACTIONS**

The Panel should deny Monitronics' motion because centralization cannot promote just and efficient conduct of the actions Monitronics seeks to transfer for two reasons. First, significant procedural disparity exists among the five actions. Second, these five cases lack a common class, so there is no danger of inconsistent class rulings. These differences render coordinated discovery and uniform pretrial orders irrelevant.

1. **COORDINATION OR CONSOLIDATION WOULD BE INEFFICIENT IN LIGHT OF SIGNIFICANT PROCEDURAL DISPARITIES AMONG THE ACTIONS**

Where significant procedural disparity exists between actions, they should not be transferred for centralization. *In re: Table Saw Products Liability Litig.*, 641 F. Supp. 2d 1384, 1384 (J.P.M.L. 2009) (denying transfer where "[a] significant number of the actions [we]re substantially advanced, and . . . [o]ther actions were only recently commenced"); *In re: Boehringer Ingelheim Pharm., Inc., Fair Labor Standards Act (FLSA) Litig.*, 763 F. Supp. 2d 1377, 1378 (J.P.M.L. 2011) (denying transfer because, "[s]ignificantly, there are only a handful of procedurally dissimilar cases currently before the Panel . . ."); *see also In re: La.-Pac. Corp. Trimboard Siding Mktg., Sales Practices & Products Liability Litig.*, 867 F. Supp. 2d 1346, 1346 (J.P.M.L. 2012).

Monitronics seeks to transfer five actions that are in varying stages of litigation. The first case, *Mey v. Monitronics International, Inc., et al.*, No. 5:11-cv-0090 (N.D. W. Va.), was filed in 2011 in the Northern District of West Virginia. The parties in *Mey* have completed limited merits discovery and the court has issued two partial summary judgment orders. A proposed

2

discovery order is currently pending before the *Mey* court governing the remainder of fact discovery, experts, and class certification.

Another action, pending in the Southern District of West Virginia, *Mey v. Honeywell International, Inc. et al.*, No. 2:12-cv-1721 (S.D. W. Va.), commenced in May 2012. The parties there are now in the midst of discovery. The plaintiff recently filed an amended complaint in that action, seeking to add parties, including Monitronics.

In contrast, the two actions pending in the Southern District of California, and the Central District of California are in their infancy. *Cain v. Monitronics International, Inc.*, No. 3:13-cv-1549-L-DHB (S.D. Cal.) and *O'Shea v. Alliance Security, LLC, et al.*, No. 8:13-cv-1054 JVS (JPRx) (C.D. Cal.) were both filed in July 2013. Discovery has not commenced in either action

In *Bowler, et al. v. Monitronics International, Inc., et al.*, No. 2:13-cv-0321-JLR (W.D. Wash.), filed in February 2013, the parties have commenced discovery, and the Court ordered briefing on the propriety of class certification by October 21, 2013. There was no general scheduling order yet in place, however, and the Court in *Bowler* has stayed the case pending a decision on the transfer motion.[2]

This incongruous mix of cases in materially different procedural stages strongly militates against transfer.[3] *See, e.g.*, *In re: Droplets, Inc., Patent Litigation*, 908 F. Supp. 2d 1377, 1378 (J.P.M.L. 2012) (denying centralization in a case because not all actions a party wished to transfer were in their infancy). Jamming together nascent matters with more developed cases in

---

[2] "Order Granting Plaintiffs' Motion to Stay Proceedings Pending Resolution of MDL Motion to Transfer" (September 23, 2013) (*Bowler* ECF No. 44).
[3] By arguing that Washington is the proper venue for these cases due to the alleged advanced state of the *Bowler* case, Monitronics itself confirms that *Bowler* is in substantially different phases of litigation than the other cases. Monitronics is disingenuous, however, in claiming that Judge Keeley, in the *Mey* case, has suggested that the *Bowler* proceedings are further advanced than those in the *Mey* case. The transcript of the status conference shows that Judge Keeley simply asked counsel about the status of the *Bowler* case and whether it was "well ahead of the wave" compared to other cases, based on counsel's statements. Judge Keeley made no independent assessment as to the status. Transcript of Status Conference of August 15, 2013 at 15-17.

an MDL will only create the very complexities and complications that the MDL process is designed to avoid.  For example, any transferee court will confront the problems of disregarding the prior decisions in more advanced cases or attempting to apply them to parties that had no opportunity to be heard on the issue. Such differences in substantive and procedural rulings, discovery issues, and class certification issues render centralization or coordination of these matters inefficient and inappropriate.

      2.      THE ACTIONS LACK A COMMON CLASS

Centralization cannot promote just and efficient conduct of the actions because they lack a common class.  First, as even Monitronics acknowledges in its motion, these cases—and thus their proposed classes—assert violations of different provisions of the Telephone Consumer Protection Act ("TCPA").  The *Mey* plaintiff brings claims for alleged violations of the TCPA's "Do Not Call" provisions, 447 U.S.C. § 227(c)(5), which requires proof of listing on the "Do Not Call" registry and two calls within a single 12 month period  In *Cain* and *O'Shea*, the claims arise out of alleged violations of the "automatic telephone dialing system" call prohibitions, under 447 U.S.C. § 227(b)(1)(A), violation of which can occur without require registration on the "Do Not Call" list and after only one call . *Bowler* alleges violations of both provisions.  In other words, these cases seek to certify classes of different people (*i.e.*, different consumers who received different types of calls regulated by statutory provisions with different substantive requirements).

Moreover, the proposed classes diverge as class members were allegedly contacted by different entities.  For instance, plaintiff in *Mey* intends to narrow her class to include only calls initiated by Versatile Marketing Solutions, Inc. ("VMS").[4]  VMS is not a party in the Western

---

[4] Plaintiff Mey's counsel told the court at a Status Conference on August 15, 2013 that "[t]he class definition in the second amended complaint is too broad and we would narrow it.  What we would narrow it to, and I don't have the

District of Washington, Southern District of California, or Southern District of West Virginia actions.[5]  Accordingly, *at least* two putative classes must be assessed with regard just to "Do Not Call" claims.  One class would consist of plaintiffs contacted by VMS.  The other class would consist of plaintiffs contacted by another party.  Even Monitronics concedes "that this is [not] a monolithic class; that is . . . if there were to be a certification against VMS [the class would] not necessarily [be] the same class that might be certified, if there was one to be certified, against either Monitronics or UTCFS."  Transcript of Status Conference at 34.

The purpose of § 1407 "is to eliminate the potential for conflicting contemporaneous pretrial rulings by coordinate district and appellate courts in multidistrict related civil actions." *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 491–92 (J.P.M.L. 1968).  Because these actions lack a common class, conflicting class rulings are unlikely.  Accordingly, Monitronics' motion for transfer should be denied.

### B. CENTRALIZATION CANNOT SERVE THE INTERESTS OF THE PARTIES OR WITNESSES BECAUSE THERE ARE ONLY FIVE ACTIONS AND THEY INVOLVE DIFFERENT PARTIES

Centralization cannot serve the interests of the parties or witnesses.  "Where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization."  *In re: Transocean Ltd. Securities Litigation (no. II)*, 753 F. Supp. 2d 1373 (J.P.M.L. 2010); *see also In re: Boehringer Ingelheim Pharms., Inc.*, 763 F. Supp. 2d at 1378 (denying transfer of four actions, in part, because of the small number of

---

exact language, but it would be calls placed by VMS on behalf of Monitronics and UTCFS."  Transcript of Status Conference at 37.  Even though Plaintiff did not know the exact language, her counsel stated "I can definitely represent that the proposed class definition will be narrower and will relate to VMS calls."  *Id.*  The court followed up, "So it will be VMS calls on behalf of Monitronics and UTCFS?"  *Id.*  Plaintiff's counsel responded, "Yes."  *Id.*  When the court asked if class discovery would be directed toward that class definition, Plaintiff's counsel stated "It would be."  *Id.* at 38.

[5] Purportedly, VMS, under an alleged different name, Alliance Security, Inc., is a defendant in the Central District of California action.

actions).  Monitronics' motion seeks transfer of merely five cases.  Monitronics, moreover, is the only party common to each case.  UTCFS is named only in *Mey*.  Honeywell International, Inc., and ISI Alarms NC, Inc., are named only in the *Honeywell* case.  VMS, and a company allegedly doing business for VMS, Alliance Security, Inc., are each named solely in *Mey* and *O'Shea*, respectively.[6]

Monitronics has not met its heavy burden to overcome the limited nature of these cases, and to show that centralization serves the interests of the parties, and the witnesses.  Given the limited number of cases, and the differences in parties to each action, UTCFS respectfully requests that the Panel deny Monitronics' motion for transfer.

  C. THESE ACTIONS PRESENT SUBSTANTIALLY DIFFERENT FACTS

Transfer for centralization is inappropriate because of the substantial differences in the facts in each case at issue.  As discussed above, the actions Monitronics seeks to transfer allege violations of different provisions of the TCPA, based on different conduct, undertaken by different actors.  Even the parties named in each case differ.

As Monitronics itself acknowledges "there may or may not be a ton of overlap between these various actions." Tr. at 16–17.  And while there may be some factual overlap among the five actions, this does not alone justify centralization.  *See Droplets, Inc.*, 908 F. Supp. 2d at 1378. (denying transfer where "the claim terms in dispute are not identical from action to action (although there is some overlap)").

In support of its motion, Monitronics cites to four past TCPA cases where the Panel granted a motion to transfer, suggesting that the Panel "has consistently held that actions involving similar TCPA allegations satisfy the standard for transfer under Section 1407."  This is

---

[6] To the extent the Panel deems some sort of coordination or consolidation appropriate, informal mechanisms would be more efficient.  *See Droplets, Inc.*, 908 F. Supp. 2d at 1378 (J.P.M.L. 2012) ("informal coordination among the three involved courts seems practicable—just as it does among the parties.").

misleading. For one, the cases at issue in each of the four transfer orders Monitronics cites appear to involve the *same* provision of the TCPA—not "similar" provisions. And, they all concern improper debt collection practices. *In re: Portfolio Recovery Associates, LLC, Telephone Consumer Protection Act Litigation*, 846 F. Supp. 2d 1380, 1381 (J.P.M.L. 2011) (transferring litigation concerning "debt collection calls to debtors' cell phones using an automated system, without the debtors' [or plaintiffs'] consent"); *In re: Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation*, 818 F. Supp. 2d 1377 (J.P.M.L. 2011) (same); *In re: Enhanced Recovery Company, LLC, Telephone Consumer Protection Act Litigation*, 899 F. Supp. 2d 1382 (J.P.M.L. 2012) (same); *In re: Capital One Telephone Consumer Protection Act Litigation*, 908 F. Supp. 2d 1366 (J.P.M.L. 2012) (transferring 31 actions challenging Capital One's debt collection practices).

Plaintiffs in these five matters, in contrast, seek to recover for alleged violations of different provisions of the TCPA. *See supra*. Centralization is therefore not appropriate here. *See In re Rite Aid Corp. Wage & Hour Employ. Practices Litig.*, 655 F. Supp. 2d 1376, 1377 (J.P.M.L. 2009) (denying transfer where "the plaintiffs assert violations of various state wage laws, which have differing provisions").

## II. CONCLUSION

For these reasons, Defendant UTC Fire and Security Americas Corporation, Inc., respectfully requests that Defendant Monitronics International, Inc.'s motion be denied.[7]

---

[7] If the Panel deems transfer appropriate, the *Mey* matter should be excluded from the centralized cases. For the reasons described in this memorandum, that matter is substantially different from any other subject to this motion.

Respectfully submitted this 30th day of September, 2013.

        **UTC FIRE AND SECURITY AMERICAS CORPORATION INC.,**

        By Counsel

        */s/ Gordon H. Copland*
        Gordon H. Copland, Esq.
        **STEPTOE & JOHNSON PLLC**
        400 White Oaks Blvd.
        Bridgeport, WV  26330
        Telephone:     (304) 933-8162
        Facsimile:       (304) 933-8183

        Karen E. Kahle, Esq.
        Christopher A. Lauderman, Esq.
        1233 Main Street Suite 3000
        P. O. Box 751
        Wheeling, WV 26003-0751
        Telephone:     (304) 233-0000
        Facsimile:       (304) 233-0014

        *Counsel for Defendant UTC Fire And Security Americas Corporation Inc.*