UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: MONITRONICS INTERNATIONAL, INC.,
TELEPHONE CONSUMER PROTECTION ACT
LITIGATION    MDL No. 2493


TRANSFER ORDER

**Before the Panel**:[*]   Pursuant to 28 U.S.C. § 1407, common defendant Monitronics International, Inc. ("Monitronics") moves for centralization of this litigation in the Western District of Washington. This litigation currently consists of four actions pending in three districts, as listed on Schedule A.[1] Since the filing of the motion, the parties have notified the Panel of two related actions pending in two other districts.[2] The cases in this putative class action litigation primarily involve allegations that Monitronics – a home security system and alarm monitoring company – violated the Telephone Consumer Protection Act ("TCPA") when Monitronics or one of its agents placed telemarketing calls to persons on the national Do Not Call Registry or to residential or wireless telephones without the individual's consent.

Centralization is supported by plaintiffs in three actions on the motion – *Mey* in the Northern District of West Virginia, *Bowler* in the Western District of Washington, and *Cain* in the Central District of California – and a potential tag-along action in the Southern District of West Virginia ("*Mey II*"), though they disagree with the proposed transferee district. Defendant Versatile Marketing Systems, Inc. (which also has been sued as Alliance Security, LLC) supports Monitronics' motion in full. Plaintiff in the Central District of California *O'Shea* action opposes centralization and, alternatively, requests exclusion of that action. Three co-defendants also oppose centralization or ask to be excluded in some form. UTC Fire and Security Americas Corporation – a defendant in the Northern District of West Virginia *Mey* action – opposes centralization and, in the alternative, requests exclusion of *Mey*. Honeywell International, Inc. ("Honeywell") and ISI Alarms NC, Inc. ("ISI") – defendants in the *Mey II* potential tag-along action – also oppose centralization.[3]

---

[*] Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] The *Cain* action listed on Schedule A originally was pending in the Southern District of California, but recently was transferred to the Central District of California.

[2] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[3] Honeywell and ISI also presented argument as to whether the *Mey II* action should be included in the centralized proceedings. That action is not on this motion, and thus is not squarely

-2-

The parties opposing centralization contend that the actions lack sufficient common factual questions, primarily due to (1) the differences between actions focused exclusively on alleged Do Not Call Registry violations and actions focused exclusively on automated telemarketing calls to residential or wireless telephone numbers; and (2) the involvement of different agents or dealers who allegedly placed telemarketing calls on Monitronics' behalf – Versatile Marketing Systems in two actions, ISI in one potential tag-along action, and other agents yet to be identified. Although we agree that these actions present some individualized factual issues, the existence of such issues does not negate the common ones, including, in particular, those concerning Monitronics' policies and procedures for calling consumers, directly or through agents, for the purpose of selling home security products or services, as well as its procedures for obtaining and recording the consumer's consent for such calls.[4] Additionally, all actions allege that Monitronics willfully violated the TCPA,[5] and are likely to rely on the same alleged history of complaints to regulatory authorities and Monitronics' knowledge of its TCPA obligations. *See In re Capital One Tel. Consumer Prot. Act Litig.*, 908 F. Supp. 2d 1366, 1367 & n.1 (J.P.M.L. 2012) (centralizing actions based on common factual issues "including, in particular, those concerning whether [the defendant] willfully violated the [TCPA]'").

Second, the opposing parties also contend that differences in the proposed classes may make centralization inefficient. The Panel finds, however, that the differences are overstated. Two actions propose virtually identical nationwide classes of persons who received automated telemarketing calls on wireless lines. Another action proposes a nationwide class that encompasses both types of the allegedly distinct violations – that is, calls to those on the Do Not Call Registry and calls using a prerecorded message. Thus, although there are differences in the proposed classes, a centralized proceeding is likely to facilitate a coordinated approach to the class claims.

Third, and finally, the opposing parties raise objections based on other case-specific issues – they have a stake in only one action, they anticipate early resolution by a dispositive motion, or they have taken some significant discovery already. Transfer under Section 1407 will offer the benefit of placing all related actions before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that common witnesses are not subjected to duplicative discovery demands. Once discovery and other pretrial proceedings related to the common issues are done, the transferee judge may suggest Section 1407 remand of actions to their transferor courts. *See Capital One*, 908 F. Supp. 2d at 1367. Section 1407 centralization thus will enable pretrial proceedings to be conducted in a manner that will lead to the just and expeditious resolution of all related actions, which is to the overall benefit of all parties.

---

before us. Such arguments may be presented as an opposition to a conditional transfer order covering the action, if issued. *See* Panel Rule 7.1.

[4] The alleged differences in which entity placed the calls is of little consequence because most of the actions seek to hold Monitronics liable for calls by *all* agents placing calls on its behalf, rather than limiting the TCPA liability to calls placed by one specific agent.

[5] The TCPA authorizes an award of actual damages, or $500, per violation, whichever is greater. 47 U.S.C. § 227(b)(3). These amounts are trebled for willful violations. *Id.*

-3-

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Northern District of West Virginia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share common factual allegations regarding Monitronics' policies and procedures for calling consumers, directly or through agents, for the purpose of selling home security products or services, as well as its procedures for obtaining and recording a consumer's consent to receive such calls. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings (on class certification and other matters); and conserve the resources of the parties, their counsel and the judiciary. Centralization also is consistent with our prior decisions involving TCPA claims.[6]

We conclude that the Northern District of West Virginia is an appropriate transferee district for this litigation. The first-filed action, which also is the most advanced, is pending in this district. Plaintiffs in three of the four actions support this district, and the sole opposing plaintiff supports it as an alternative. Judge Irene M. Keeley is an experienced jurist who we are confident will steer this litigation on a prudent course. Further, as Judge Keeley is currently presiding over the most advanced action, she is in a particularly favorable position to structure this litigation so as to minimize delay and avoid unnecessary duplication of discovery and motion practice.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of West Virginia are transferred to the Northern District of West Virginia and, with the consent of that court, assigned to the Honorable Irene M. Keeley for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Paul J. Barbadoro                Charles R. Breyer
Lewis A. Kaplan                  Sarah S. Vance
Ellen Segal Huvelle

---

[6] *See In re Convergent Tel. Consumer Prot. Act Litig.*, — F. Supp. 2d —, 2013 WL 5596117, at *2 (J.P.M.L. Oct. 8, 2013); *In re Enhanced Recovery Co., LLC, Tel. Consumer Prot. Act Litig., LLC*, 899 F. Supp. 2d 1382, 1383 (J.P.M.L. 2012); *In re Portfolio Recovery Assocs., LLC, Tel. Consumer Prot. Act Litig.*, 846 F. Supp. 2d 1380, 1381 (J.P.M.L. 2011); *In re Midland Credit Mgmt., Inc., Tel. Consumer Prot. Act Litig.*, 818 F. Supp. 2d 1377 (J.P.M.L. 2011).

**IN RE: MONITRONICS INTERNATIONAL, INC.,
TELEPHONE CONSUMER PROTECTION ACT
LITIGATION**                                                              MDL No. 2493

## SCHEDULE A

### Central District of California

Kerry O'Shea v. Alliance Security LLC, et al., C.A. No. 8:13-01054
George Cain v. Monitronics International, Inc., C.A. No. 8:13-01859

### Western District of Washington

Edith Bowler, et al. v. Monitronics International, Inc., C.A. No. 2:13-00321

### Northern District of West Virginia

Diana Mey v. Monitronics International, Inc., et al., C.A. No. 5:11-00090